**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

COLLECTIONS MARKETING CENTER, INC.,: 
and BRIDGEFORCE, INC.,                          :
                                                                :
       Plaintiffs,                              :
                                                                :
       vs.                                          :   C.A. No.  1:10-cv-01057-BMS
                                                                :   JURY TRIAL DEMANDED
APOLLO ENTERPRISE SOLUTIONS, INC.,   :
                                                                :
       Defendant.                             :


**DEFENDANT APOLLO ENTERPRISE SOLUTIONS, INC., OPPOSITION TO**
**PLAINTIFFS COLLECTIONS MARKETING CENTER, INC.**
**<u>AND BRIDGEFORCE, INC.'S MOTION TO DISMISS</u>**


                        Neal C. Belgam
                        PROCTOR HEYMAN LLP
                        1116 West Street
                        Wilmington, DE 19801
                        (302) 472-7300
                        Attorneys for Defendant
                        Apollo Enterprise Solutions, Inc

OF COUNSEL:

GRAVES & WALTON LLP

Philip J. Graves
John R. Walton
Greer N. Shaw
Marjorie A. Witter
Brian Lam
12121 Wilshire Blvd, Suite 775
Los Angeles, California 90025
(310) 295-6500

Dated: March 28, 2011

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................................... 1

II.  ARGUMENT ................................................................................................................. 1

   A.   Applicable Standard ................................................................................................. 1

   B.   Counter-Defendants' Attack on Apollo's Second Counterclaim will Shortly be
      Rendered Moot ......................................................................................................... 3

   C.   Apollo Pleads Facts Sufficient to Support a Federal False Advertising Claim ..................... 3

     1.   Rule 8's Notice Pleading Standard, Not an "Intermediate" Pleading Standard,
        Governs Apollo's Federal False Advertising Counterclaim ................................. 3

     2.   CMC's Own Cases Show that Apollo's Pleading Would Meet an "Intermediate"
        Pleading Standard even if were Applicable ...................................................... 8

     3.   Apollo's Federal False Advertising Counterclaim Satisfies the Notice Pleading
        Standard of Rule 8 ...................................................................................... 10

        a.   Apollo Pleads Facts Sufficient to Show that CMC has made False
           Statements Regarding CMC's Product .................................................... 11

        b.   Apollo Pleads Facts Sufficient to Show Actual Deception or At Least the
           Tendency to Deceive a Substantial Portion of the Intended Audience .............. 12

        c.   Apollo Pleads Facts Sufficient to Show the Element of Materiality, but in
           Order to Obviate the Issue will Amend to Expressly Plead this Fact .............. 13

        d.   Apollo Pleads Facts Sufficient to Show Use in Interstate Commerce, but in
           Order to Obviate the Issue will Amend to Expressly Plead this Fact .............. 14

        e.   Apollo Pleads Facts Sufficient to Show Likelihood of Injury ....................... 16

   D.   Apollo Pleads Facts Sufficient to Show that the Accused Statements were Made
      in "Commercial Advertising or Promotion" .......................................................... 17

   E.   Apollo Pleads Facts Sufficient to Support a Delaware False Advertising Cl ................ 18

III.  CONCLUSION ............................................................................................................. 19

# TABLE OF AUTHORITIES

**Cases**

*Advanstar Communications Inc. v. Dirt Motosports, Inc.*,
  2006 WL 2739700 (N.D.N.Y. Sept. 25, 2006) ........................................................ 7, 8

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) .............................................................................................. 2, 11

*Avila v. Rubin*,
  84 F.3d 222 (7th Cir.1996) ........................................................................................ 14

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................... 1, 2, 11, 12, 16

*Castrol Inc. v. Pennzoil Co.*,
  987 F.2d 939 (3d Cir. 1993) ...................................................................................... 12, 13

*Castrol, Inc. v. Quaker State Corp.*,
  977 F.2d 57 (2d Cir.1992) .......................................................................................... 14

*Chapdelaine Corporate Sec. & Co. v. Depository Trust & Clearing Corp.*,
  2006 WL 2020950 (S.D.N.Y. July 13, 2006) ........................................................... 6

*Cunningham v. Becker*,
  96 F.Supp.2d 369 (D. Del. 2000) .............................................................................. 18

*Destin Therapeutics*,
  723 F. Supp. 2d 665 (D. Del. 2010) .......................................................................... 19

*Erickson v. Pardus*,
  551 U.S. 89  (2007) .................................................................................................... 17

*Erickson v. Pardus*,
  551 U.S. 89 (2007) ..................................................................................................... 2

*Evco Tech. & Dev. Co.*,
  2006 U.S. Dist. LEXIS 68549 (E.D. Pa. Sept. 22, 2006) ......................................... 9, 10

*Hill v. Der*,
  521 F. Supp. 1370 (D. Del. 1981) .............................................................................. 2

*In re Burlington Coat Factory Sec. Litig.*,
  114 F.3d 1410 (3d Cir.1997) ...................................................................................... 5

*In re Warfarin Sodium Antitrust Litig.*,
  1998 U.S. Dist. LEXIS 19555 (D. Del. Dec. 7, 1998) .............................................. 17

*Interface Sec. Sys., L.L.C. v. May*,
   2007 WL 1300394 (E.D. Mo. May 2, 2007) ............................................................ 6

*John P. Villano Inc. v. CBS, Inc.*,
   176 F.R.D. 130 (S.D.N.Y. 1997) ................................................................ 4, 7, 8

*Johnson & Johnson v. GAC Int'l, Inc.*,
   862 F.2d 975 (2d Cir.1988) ............................................................................ 13

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*,
   507 U.S. 163 (1993) .................................................................................... 6, 7

*Max Daetwyler v. Input Graphics, Inc.*,
   608 F. Supp. 1549 (E.D. Pa. 1985) .................................................................. 8, 9

*Morse v. Lower Merion Sch. Dist.*,
   132 F.3d 902 (3d Cir. 1997) ................................................................ 2, 12, 13, 15

*Nasdaq Stock Mkt., Inc. v. Archipelago Holdings*, LLC,
   336 F. Supp. 2d 294 (S.D.N.Y. 2004) ................................................................. 6

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*,
   998 F.2d 1192 (3d Cir.1993) .......................................................................... 18

*Pestube Sys., Inc. v. HomeTeam Pest Defense, LLC*,
   2006 U.S. Dist. LEXIS 34337 (D. Ariz. May 24, 2006) ........................................... 8, 9

*Phillips v. County of Allegheny*,
   515 F.3d 224 (3d Cir. 2008) ............................................................................. 2

*Pizza Hut, Inc. v. Papa John's Int'l, Inc.*,
   227 F.3d 489 (5th Cir. 2000) .......................................................................... 14

*Rickard v. Auto Publisher, Inc.*,
   735 F.2d 450 (11th Cir. 1984) ......................................................................... 16

*Schering-Plough Healthcare Prods., Inc. v. Neutrogena Corp.*,
   2010 U.S. Dist. LEXIS 24511 (D. Del. Mar. 15, 2010 .............................................. 19

*Scheuer v. Rhodes*,
   416 U.S. 232 (1974) .................................................................................... 2, 3

*Soilworks, LLC, v. Midwest Indus. Supply, Inc.*,
   2007 WL 704511 (D. Ariz. Mar. 5, 2007) ............................................................. 6

*Susan's, Inc. v. Thomas*,

1993 WL 93333 (D. Kan. Mar. 19, 1993) ................................................................................ 15

*Synopsys, Inc. v. Magma Design Automation*,
   64 Fed. R. Serv. 3d 847 (D. Del. 2006) .............................................................................. 4

*Toro Co. v. Textron, Inc.*,
   499 F. Supp. 241 (D. Del. 1980) ................................................................................... 19, 20

*Trans USA v. Howard Berger Co., Inc.,*
   2008 U.S. Dist. LEXIS 25370 (D. N.J. Mar. 28, 2008) ................................................ 8, 9, 16

*United Magazine Co. v. Murdoch Magazines Distribution, Inc.,*
   2001 WL 1607039 (S.D.N.Y. Dec. 17, 2001) ...................................................................... 7

*United States v. Edge Broad. Co.*,
   509 U.S. 418 (1993) .................................................................................................. 17, 18

*Warner-Lambert Co. v. Breathasure, Inc.*,
   204 F.3d 87 (3d Cir. 2000) ........................................................................................... 4, 11

*Wellness Publishing  v. Barefoot*,
   2008 U.S. Dist. LEXIS 1514 (D.N.J. Jan. 8, 2008) ............................................................ 8, 9

*Wilkerson v. New Media Tech. Carter Sch., Inc.,*
   552 F.3d 315 (3d Cir. 2008) .............................................................................................. 2

**Statutes**
15 U.S.C. § 1125 ............................................................................................................... 4, 7
15 U.S.C. § 1125(a)(1)(B) ..................................................................................................... 6
42 U.S.C. § 1983 .................................................................................................................. 6

**Rules**
Fed. R. Civ.P.  8………………………………………………………………..  1, 3, 4,  6, 8, 11, 12
Fed. R. Civ. P. 9 ........................................................................................................... 4, 5, 6, 7
Rule 12(b)(6) ....................................................................................................................... 3
Rule 15(a)(1)(B) ........................................................................................................... 3, 14, 15

**Treatises**
5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure,
Civil 2D § 1349  (1990) ........................................................................................................ 3

## I.      **INTRODUCTION**

In their opening brief, Plaintiffs Collections Marketing Center, Inc. and Bridgeforce, Inc. (collectively, CMC) attack the sufficiency of Apollo Enterprise Solutions, Inc.'s ("Apollo's") Second, Third and Fourth Counterclaims.  The Court should reject CMC's request that it dismiss Apollo's Third and Fourth Counterclaims, alleging that CMC has violated the Lanham Act and the Delaware Deceptive Trade Practices Act, because Apollo's pleading satisfies not only the applicable notice pleading standard of Rule 8(a)(2), but also the heightened "intermediate" pleading standard that CMC incorrectly contends applies to these claims.  In addition, with respect to CMC's contentions that Apollo failed to expressly plead materiality and that the services are sold in interstate commerce, although Apollo's pleadings lay a perfectly adequate factual foundation for these allegations, in order to obviate the issue Apollo will shortly file a First Amended Answer and Counterclaims expressly pleading these facts.  With respect to Apollo's Second Counterclaim, against Bridgeforce for inducing infringement of Apollo's U.S. Patent No. 7,848,978 ("the '978 Patent"), CMC's Motion will shortly be mooted by the filing of Apollo's First Amended Answer and Counterclaims, which will omit this counterclaim against Bridgeforce.

## II.     **ARGUMENT**

### A.      **Applicable Standard**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, pleadings should contain no more than "a short and plain statement of the claim."  Fed. R. Civ. P. 8(a), (e).  In *Bell Atl. Corp. v. Twombly*, the Supreme Court reaffirmed that Rule 8 "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the … claim is and the ground upon which it rests, and [reaffirmed] that this

standard does not require detailed factual allegations." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 1959, 167 L. Ed. 2d 929 (2007)); *see also Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) ("Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests") (internal quotations omitted). Furthermore, courts may draw all reasonable inferences based on the facts alleged. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

When considering a Rule 12(b)(6) motion, the court is "required to accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *see also Erickson*, 551 U.S. at 93 ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Wilkerson v. New Media Tech. Carter Sch., Inc.*, 552 F.3d 315, 318 (3d Cir. 2008) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). In *Twombly*, the Supreme Court explained that a complaint cannot be "dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." 550 U.S. 544 (2007).

"It is well established that a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hill v. Der*, 521 F. Supp. 1370, 1389 (D. Del. 1981) (internal citations omitted). "Although it may appear on the face of the pleadings that a recovery is very remote or unlikely, the court cannot deprive the plaintiff of the opportunity to offer evidence to

support his claims unless this stringent test is met." *Id* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 (1974)). "Accordingly, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are granted only in the rarest of circumstances." *Id*; see also 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure, Civil 2D § 1349 at 192-93 (1990) (motions to dismiss should be "granted sparingly and with caution in order to make certain that plaintiff is not improperly denied a right to have his claim adjudicated on the merits").

**B.      Counter-Defendants' Attack on Apollo's Second Counterclaim Will Shortly be Rendered Moot**

Counter-Defendants ask that the Court dismiss Apollo's Second Counterclaim, which alleges that Bridgeforce induced CMC to infringe the '978 Patent by "promoting, marketing, advertising and soliciting customers for CMC's FlexCollect offering." Apollo intends to file a First Amended Answer and Counterclaims as of right pursuant to Rule 15(a)(1)(B) prior to the hearing on Counter-Defendants' Motion, which will omit Apollo's Second Counterclaim. This amended pleading will supersede Apollo's Answer and Counterclaims, thereby rendering Counter-Defendants' attack on the Second Counterclaim moot.

**C.      Apollo Pleads Facts Sufficient to Support a Federal False Advertising Claim**

Counter-Defendants allege three shortcomings with Apollo's claim against CMC for false advertising under the Lanham Act: first, that it fails to meet an "intermediate" pleading standard adopted by some district courts for Lanham Act claims; second, that it fails to meet the notice pleading standard of Rule 8(a); and third, that it fails to plead that the false statements were made in "commercial advertising or promotion." Each of these arguments is meritless.

**1.      Rule 8's Notice Pleading Standard, Not an "Intermediate" Pleading Standard, Governs Apollo's Federal False Advertising Counterclaim**

The allegation that Apollo's Lanham Act claim must meet a heightened pleading standard

is contrary to the Federal Rules as interpreted by binding Supreme Court Authority, Delaware authority, and the weight of authority from other districts.

Controlling authority is found in Rule 8(a) and Rule 9(b) of the Federal Rules of Civil Procedure.  Rule 8(a) provides that a pleading must contain, e.g., "a short and plain statement of the claim showing that the pleader is entitled to relief; . . . ."  Fed. R. Civ. P. 8(a)(2).  This is the default rule, applicable to all pleadings except where otherwise provided.  Rule 9(b) specifies an exception to Rule 8(a), stating that in "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ., P. 9(b).  The Federal Rules do not provide for any "intermediate" pleading standard; either Rule 8(a), or a specified standard under Rule 9, is applicable to pleadings in federal court.  Accordingly, pleadings alleging a false advertising claim under the Lanham Act are governed by Rule 8(a) rather than Rule 9(b), because a false advertising claim under the Lanham Act does not require the plaintiff to allege either fraud or mistake.  *E.g., Warner-Lambert Co. v. Breathasure, Inc.*, 204 F.3d 87, 91-92 (3d Cir. 2000) (articulating the elements of a false advertising claim under the Lanham Act)*; John P. Villano Inc. v. CBS, Inc.*, 176 F.R.D. 130, 131 (S.D.N.Y. 1997) ("No fraudulent intent… is required under 15 U.S.C. § 1125.").

Delaware authority lines up squarely with this application of the Federal Rules. *Synopsys, Inc. v. Magma Design Automation*, 64 Fed. R. Serv. 3d 847 (D. Del. 2006), is instructive.  In *Synopsys*, the defendant (Magma) asserted several counterclaims, including a Lanham Act counterclaim, and the plaintiff/counter-defendant (Synopsys) moved to dismiss. The court denied the motion, holding that Rule 8(a), rather than the heightened pleading standard of Rule 9(b), applied.  *Id.* at *3.  As an initial matter, the court addressed the argument that Rule

9(b) applied to the Lanham Act counterclaim.   The court reasoned that in order to determine whether Rule 9(b) was applicable, it must look to the purpose of Rule 9(b), which is "to give defendants 'notice of the claims against them, provide[ ] an increased measure of protection for their reputations, and reduce[ ] the number of frivolous suits brought solely to extract settlements.'"  *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir.1997)).   The court determined that Rule 9(b) was not applicable, for three reasons.   First, the court held that since there were multiple claims at issue, "this is not a case in which the court must protect Synopsys against a 'frivolous suit brought solely to extract a settlement.'"  *Id.* Second, "the need to provide increased protection for Synopsys' reputation is not as crucial in this case because [the Lanham Act claim] was brought as a means of protecting Magma's reputation."  *Id.*  Third, "even if Magma's pleadings do not specify the 'who, when, and where' of Synopsys' allegedly damaging statements, that problem is easily cured in discovery."  *Id.*  As a result, the court denied Synopsis' motion to dismiss and held that the "heightened pleading requirements of Rule 9(b) are not applicable."  *Id.*

As in *Synopsys*, there is no basis here to require Apollo to satisfy Rule 9's stringent standard.   The Lanham Act claim was brought to protect Apollo's reputation, not CMC's, as the alleged false statements effectively claim that Apollo's product lacks multimodal communications.   (Apollo's CC, ¶ 9 [D.I. 8]).   Additionally, here as in *Synopsys*, there are multiple counterclaims at issue, and thus "this is not a case in which the court must protect [the counter-defendant] against a 'frivolous suit brought solely to extract a settlement." *Synopsys* at *3; Apollo's CC.   Furthermore, any lack of specificity in Apollo's pleadings regarding the "'who, when, and where" of the statements can be "easily cured in discovery."  *Synopsys* at *3. Therefore, since none of the policy implications of Rule 9 counsel applying its stringent standard

here, the notice pleading standard of Rule 8 is applicable.  *Id*.

Notably, a variety of courts that have addressed this issue have declined to apply Rule 9(b) to Lanham Act claims.  *Nasdaq Stock Mkt., Inc. v. Archipelago Holdings, LLC*, 336 F. Supp. 2d 294, 305 (S.D.N.Y. 2004) ("Although Nasdaq's Lanham Act claims appear weak, they satisfy the liberal pleading requirements of Rule 8, Fed.R.Civ.P."); *Chapdelaine Corp. Sec. & Co. v. Depository Trust & Clearing Corp.*, 05 CIV. 10711 (SAS), 2006 WL 2020950 (S.D.N.Y. July 13, 2006) ("Rule 8(a) also applies to pleading a false advertising claim [under the Lanham Act]."); *Soilworks, LLC, v. Midwest Indus. Supply, Inc.*, 06-2141-PHX-DGC, 2007 WL 704511 (D. Ariz. Mar. 5, 2007) ("Defendant has provided no controlling authority to support its argument that claims under the Lanham Act require the heightened pleading of Rule 9(b). The Court accordingly will apply traditional pleading standards."); *Interface Sec. Sys., L.L.C. v. May*, 4:07CV369 HEA, 2007 WL 1300394 (E.D. Mo. May 2, 2007) ("Defendant seeks to impose a heightened pleading requirement not authorized under the Federal Rules of Civil procedure [with regard to a claim arising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B)].  All that is required of Plaintiff is that the complaint set forth a plain and concise statement of its claim such that Defendants can formulate their responsive pleading. Fed.R.Civ.P. Rule 8.").

CMC cites to a handful of district court opinions that have applied an "intermediate" pleading standard to Lanham Act claims, asserting that this Court should do the same.  However, Supreme Court authority precludes such recrafting of the Federal Rules.  In *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69, 113 S. Ct. 1160, 1163, 122 L. Ed. 2d 517 (1993),  the Supreme Court held that civil rights cases alleging municipal liability under 42 U.S.C. § 1983 need only meet the requirements of Rule 8, and not any sort of "heightened pleading standard," as Rule 9(b) makes no mention of claims against

municipalities under § 1983 and therefore pursuant to the maxim "*expressio unius est exclusio alterius*," the Court held that Rule 9(b) was not applicable. 507 U.S. 163, 167-69, 113 S. Ct. 1160, 1163, 122 L. Ed. 2d 517 (1993). The Court specifically instructed that courts do not have the power to create heightened pleading standards for claims that do not fall under Rule 9(b), as that is a "result which must be obtained by the process of amending the Federal Rules, and not by judicial interpretation." *Leatherman*, 507 U.S. at 168. Accordingly, this Court cannot do as CMC requests.

In addition, CMC's argument that an "intermediate" pleading standard should apply to Apollo's false advertising claim under the Lanham Act (D.I. 10, p. 11) ignores the fact that "[f]raud requires, not just the making of a statement known to be false, but also, inter alia, a specific intent to harm the victim and defraud him of his money or property." *John P. Villano Inc. v. CBS, Inc.*, 176 F.R.D. 130, 131 (S.D.N.Y. 1997). "No fraudulent intent… is required under 15 U.S.C. § 1125 [Lanham Act]." *Id.* Therefore, where fraudulent intent towards the injured party asserting the Lanham Act violation is not at issue, "a claim of false advertising under § 1125… may not be the subject of any heightened pleading requirement." *Id.* (citing *Leatherman*, 507 U.S. 163; *see also*, *United Magazine Co. v. Murdoch Magazines Distrib., Inc.*, 00 CIV. 3367 (AGS), 2001 WL 1607039 (S.D.N.Y. Dec. 17, 2001) (Rule 9(b) inapplicable to Ohio statute that was analogous to the Lanham Act). Similarly, in *Advanstar Commc'ns Inc. v. Dirt Motosports, Inc.*, the court found that as "scienter, an essential element of a fraud claim, is not a necessary element of a false advertising claim under 15 U.S.C. § 1125(a)(1)(B)" and the plaintiff did not allege specific intent by the defendant to injure the plaintiff, "[p]articularity in pleading [was] not required" and denied the defendant's motion to dismiss. *Advanstar Commc'ns Inc. v. Dirt Motosports, Inc.*, 1:05-CV-1291, 2006 WL 2739700, *4 (N.D.N.Y. Sept.

7

25, 2006).

In the instant case, Apollo has not alleged that CMC had any "specific intent to harm" Apollo or "defraud [Apollo] of [its] money or property," nor is Apollo required to do so. Thus, the Court should reject CMC's invitation to impose a heightened pleading requirement, as Rule 8(a) forecloses the application of such a standard. *E.g., John P. Villano Inc.*, 176 F.R.D. at 131; *Advanstar*, 2006 WL 2739700 at *4.

### 2.    CMC's Own Cases Show that Apollo's Pleading Would Meet an "Intermediate" Pleading Standard Even if it Were Applicable

CMC cites to a number of cases for the proposition that Apollo's pleading fails to satisfy the intermediate standard that CMC contends is applicable. However, CMC's cases do not support this proposition. CMC's cases break down into two categories: those that are inapposite, and those that actually undermine CMC's position.

Most of CMC's cases fall into the first category. In *Max Daetwyler v. Input Graphics, Inc.*, the plaintiffs pled that the defendants "falsely advertised the 'quality and nature' of their doctor blade" but provided "no specifics." *Max Daetwyler*, 608 F. Supp. 1549, 1555-56 (E.D. Pa. 1985). In *Trans USA Prods., Inc. v. Howard Berger Co., Inc.*, the plaintiff's pleading failed to "identify the Wiring Devices Defendants allegedly sold that bore counterfeit marks, the time period in which these products were sold, how the marks were counterfeit or 'de-listed,' or whether Defendants sold the products in interstate commerce," and contained other defects as well. *Trans USA*, No. 07-5924, 2008 U.S. Dist. LEXIS 25370, at *15 (D. N.J. Mar. 28, 2008). In *Pestube Sys., Inc. v. HomeTeam Pest Defense, LLC*, 2006 U.S. Dist. LEXIS 34337 (D. Ariz. May 24, 2006), the plaintiff alleged "that [the] Defendant has asserted false or misleading descriptions of facts or false or misleading representations of fact regarding the Defendant's 'Tubes in the Wall' product," but neglected to "identify one such statement." In *Wellness*

*Publishing v. Barefoot*, 2008 U.S. Dist. LEXIS 1514, *46 (D.N.J. Jan. 8, 2008), the plaintiff pled that the defendant had made "false and misleading statements in commerce concerning the nature, composition, characteristics, quality, effectiveness and uses of the coral calcium product associated with the Barefoot name in issue and/or are making false and misleading statements in revised edition of the subject literary Work Barefoot on Coral Calcium, as described above, and in other books, and other formats, such as video."

None of these cases is on point, because the pleading that CMC attacks contains substantially greater particularity than those found deficient under the "intermediate" standard in this grab-bag of cases. The relevant allegation of Apollo's complaint states:

> CMC has made false and misleading statements to prospective customers, in the state of Delaware and elsewhere, **claiming that its FlexCollect solution is the only offering in the debt collection space that enables multimodal communications with debtors, i.e., the ability to communicate with debtors through multiple, different, means of communication. In fact, Apollo also offers a solution in the same space that provides multimodal communication functionality.**

(Apollo's CC, ¶ 9) (emphasis added). Unlike the situation in *Max Deatwyler, Trans USA, Pestube,* and *Wellness Publishing*, Apollo has provided significant specific detail concerning the content of the alleged false statements – indeed, Apollo identified the specific content of the false statements at issue and the manner in which they are false. There is no need here for additional specificity, as Apollo's pleading informs CMC as to the particular wrongful conduct of which it stands accused.

In the second category are *Graco, Inc. v. PMC Global, Inc.*, and *Evco Tech. & Dev. Co. v. Buck Knives, Inc. Graco* involved defendants that allegedly were "making false or misleading representations when marketing their products to customers because they [were] 'marketing their products to customers in a manner that is intended to lead customers to believe that Defendants Gama and Garraf are the successors to Gusmer or that they are the real Gusmer'" and also that

"Commette, as an agent for and in concert with other Defendants, is erroneously 'informing customers that Plaintiff Graco did not purchase Gusmer Europe.'" *Graco, Inc. v. PMC Global, Inc.*, 2009 U.S. Dist. LEXIS 26845, *85-86 (D.N.J. Mar. 31, 2009). The court found that this identified "Defendants' allegedly false statements with enough specificity to satisfy even the intermediate pleading requirement." *Id.* at *87-88. This case undermines CMC's assertion that Apollo fails to satisfy the intermediate standard, because Apollo has provided <u>more</u> detail regarding the content of the allegedly false statements than that found sufficient by the *Graco* court. Apollo did not just generally aver that CMC made false or misleading representations regarding multimodal communications, Apollo alleged that CMC claimed "that its FlexCollect solution is the only offering in the debt collection space that enables multimodal communications with debtors…" (Apollo's CC, ¶ 9) Thus, as per *Graco*, Apollo's pleadings would satisfy the intermediate standard even if it were applicable (which it is not).

*Evco Tech. & Dev. Co. v. Buck Knives, Inc.*, is similar. In *Evco Tech.*, the court held the allegation "that Buck Knives made false representations about who designed and sold its bows" sufficed to satisfy the intermediate pleading standard. *Evco Tech. & Dev. Co.*, 2006 U.S. Dist. LEXIS 68549, *18 (E.D. Pa. Sept. 22, 2006). As shown above, Apollo has not only alleged the subject matter of the false statements, but the particular content of the false statements and the reason why they are false. Thus, Apollo has stated its Lanham Act claim with greater specificity than that found sufficient in *Evco Tech*.

### 3. Apollo's Federal False Advertising Counterclaim Satisfies the Notice Pleading Standard of Rule 8

Counter-Defendants contend that if an intermediate pleading standard does not apply, (and it does not), Apollo still fails to meet the forgiving standard of Rule 8(a). This is a frivolous argument. Rule 8(a) does not set a forbidding standard; even in this post-*Twombly* and *Iqbal*

world, Rule 8 "does not require detailed factual allegations," *Twombly*, 550 U.S. at 545, and courts may draw all reasonable inferences based on the facts alleged. *Iqbal*, 129 S. Ct. at 1949. Apollo has met the applicable pleading standard under Rule 8(a), and pleads facts that give CMC fair notice of the claim and the grounds upon which it rests.

*Warner-Lambert Co. v. Breathasure, Inc.*, 204 F.3d 87, 91-92 (3d Cir. 2000), lays out the elements for false or misleading representations in commercial advertising or promotions as follows:  "1) that the defendant has made false or misleading statements as to his own product [or another's]; 2) that there is actual deception or at least the tendency to deceive a substantial portion of the intended audience; 3) that the deception is material in that it is likely to influence purchasing decisions; 4) that the advertised goods traveled in interstate commerce; and 5) that there is a likelihood of injury to the plaintiff in terms of declining sales, loss of good will, etc." *Id.*  Apollo has met its Rule 8 burden for each of these elements.

### a.  Apollo Pleads Facts Sufficient to Show that CMC has made False Statements Regarding CMC's Product

Apollo alleges that:

> CMC has made and continues to make false and misleading statements to prospective customers, in the state of Delaware and elsewhere, claiming that its FlexCollect solution is the only offering in the debt collection space that enables multimodal communications with debtors, i.e., the ability to communicate with debtors through multiple, different, means of communication. In fact, Apollo also offers a solution in the same space that provides multimodal communication functionality.

(Apollo's CC, ¶ 9)  CMC complains that "Apollo does not specify precisely what was stated, where, when, how, by whom and/or to whom the alleged misrepresentations were made."  (D.I. 10, p. 13).  However, as shown above, Rule "8(a)(2) requires only a short and plain statement of the claim." *Twombly*, 550 U.S. at 545.  In other words, while Apollo may need to specify the "who, when, and where" in response to a summary judgment motion following discovery, it need not do so in its pleadings in response to a motion to dismiss. *Synopsis* at *3.  Furthermore, for

11

the purposes of this motion, the court is "required to accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse*, 132 F.3d at 906. Because Apollo has alleged that CMC has made the statement that its "FlexCollect solution is the only solution that offers multimodal communications," and that this is false because "Apollo also offers a solution in the same space that provides multimodal communication functionality," it has met its burden for this element. (Apollo's CC, ¶ 9).

   **b.**  **Apollo Pleads Facts Sufficient to Show Actual Deception or At Least the Tendency to Deceive a Substantial Portion of the Intended Audience**

CMC contends that Apollo's pleading of actual deception or tendency to deceive is inadequately pled because it is merely a "recitation of the element." This is argument is meritless for two reasons.

First, controlling Third Circuit authority holds that where the defendant has made a literally false statement, as expressly alleged by Apollo in its counterclaims, actual deception or tendency to deceive a substantial portion of the intended audience is implied and need not be demonstrated by the plaintiff. *Castrol Inc. v. Pennzoil Co.*, 987 F.2d 939, 943 (3d Cir. 1993) (citing *Johnson & Johnson v. GAC Int'l, Inc.*, 862 F.2d 975, 977 (2d Cir.1988) ("When a merchandising statement or representation is literally or explicitly false, the court may grant relief without reference to the advertisement's impact on the buying public.")).

Second, Apollo's allegation that "CMC's false statements were and are intended to confuse and deceive the buying public and are likely to do so," is supported by a reasonable inference from Apollo's factual allegations, which the court is "required to accept as true" along with "all reasonable inferences that can be drawn therefrom." *Morse*, 132 F.3d at 906; (Apollo's

CC, ¶ 25).   Apollo has alleged that "CMC has made false and misleading statements to prospective customers, in the state of Delaware and elsewhere, claiming that its FlexCollect solution is the only offering in the debt collection space that enables multimodal communications with debtors…"  (Apollo's CC, ¶ 23).   Assuming, as the Court must, that this allegation is true, it may reasonably be inferred that such a statement would be likely to deceive the buying public, by causing them to believe that only CMC's product offered this feature.   Similarly, it is reasonable to infer that the portion of CMC's intended audience that was deceived would be substantial.

> **c.**   **Apollo Pleads Facts Sufficient to Show the Element of Materiality, but in Order to Obviate the Issue will Amend to Expressly Plead this Fact**

CMC contends that Apollo fails to allege facts sufficient to support the element of materiality, i.e., that the "misleading statements were material, in that they are likely to influence purchasing decisions of prospective customers."  This contention is meritless.

First, controlling Third Circuit authority holds that where the defendant has made a literally false statement, as alleged by Apollo in its counterclaims, materiality is presumed. *Castrol Inc. v. Pennzoil Co.*, 987 F.2d 939, 943 (3d Cir. 1993) (citing *Johnson & Johnson v. GAC Int'l, Inc.*, 862 F.2d 975, 977 (2d Cir.1988) ("When a merchandising statement or representation is literally or explicitly false, the court may grant relief without reference to the advertisement's impact on the buying public.")).   Furthermore, "[w]ith respect to materiality, when the statements of fact at issue are shown to be literally false, the plaintiff need not introduce evidence on the issue of the impact the statements had on consumers." *Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 497 (5th Cir. 2000) (citing *Castrol, Inc. v. Quaker State Corp.*, 977 F.2d 57, 62 (2d Cir.1992); *Avila v. Rubin*, 84 F.3d 222, 227 (7th Cir.1996)).

Second, materiality may be inferred from Apollo's factual allegations. Apollo alleges that "CMC's statements were and are false and misleading to the consuming public, i.e., those that are interested in offerings in this space" as well as that "CMC's false statements were and are intended to confuse and deceive the buying public and are likely to do so." (Apollo's CC, ¶ 24-25). These allegations are more than sufficient to support the inference that the misleading statements were material, in that they are likely to influence purchasing decisions of prospective customers.

In any event, in order to obviate this issue, Apollo will file a First Amended Counterclaim as permitted by Rule 15(a)(1)(B), in which it will expressly plead the fact of materiality. Notably, CMC's counsel did not raise any purported deficiency in Apollo's pleadings with respect to the materiality element prior to filing this motion. If they had, this issue could have been resolved without motion practice.

> **d.** **Apollo Pleads Facts Sufficient to Show Use in Interstate Commerce, but in Order to Obviate the Issue will Amend to Expressly Plead this Fact**

CMC contends that Apollo has failed to plead facts sufficient to support the element that CMC offers its services in interstate commerce. In order to obviate this issue, Apollo will file a First Amended Counterclaim as permitted by Rule 15(a)(1)(B), in which it will expressly plead the fact of use in interstate commerce. Here again, CMC's counsel did not raise any purported deficiency in Apollo's pleadings with respect to the interstate commerce element prior to filing CMC's Motion to Dismiss. If they had, this issue could have been resolved without involving the Court.

Even so, this contention lacks merit, as the interstate commerce element may be inferred from Apollo's factual allegations, which the court is "required to accept as true" along with "all

reasonable inferences that can be drawn therefrom." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).   Apollo has pled that "CMC is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 300 Water Street, Wilmington, Delaware 19801."   (Apollo's CC, ¶ 2)  Apollo has also pled that "CMC has made and continues to make false and misleading statements to prospective customers, in the state of Delaware and elsewhere . . . ."  *(Id.*, ¶ 9)  It is reasonable to infer from this factual allegation that CMC offers its services from its principal place of business in Delaware to prospective customers both in Delaware and in other states, i.e., that it offers its services in interstate commerce.  *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (The court must accept "all reasonable inferences that can be drawn" from the facts pled.).  Accordingly, Apollo's allegations are sufficient to support the interstate commerce element of the Lanham Act.  Courts have found that allegations of this type are more than sufficient to support the inference that a defendant accused of violating the Lanham Act offers its services in interstate commerce. *Susan's, Inc. v. Thomas*, 93-1064-PFK, 1993 WL 93333 (D. Kan. Mar. 19, 1993) ("Thus, even without any evidence that defendant has sold his products and services to a citizen of another state, [the defendant] has caused his products and services to enter interstate commerce by advertising them in media forms that do cross state lines."); *Rickard v. Auto Publisher, Inc.*, 735 F.2d 450, 459 (11th Cir. 1984) ("Advertising that affects interstate commerce and solicitation of sales across state lines ... is ... commerce within the meaning of Lanham Act").

CMC cites to one case in support of its position, but that case is easily distinguishable.  In *Trans USA Prods., Inc. v. Howard Berger Co., Inc.*, the plaintiff argued that the court should infer "interstate commerce" from the following paragraph in its complaint *after it later asserted*

15

*in a response to a motion to dismiss that the defendant's customers were located in different states*:

> At various times relevant hereto, Berger Company and, upon information and belief, one or more of the Berger Entities have knowingly and/or negligently acquired and re-sold products that bear counterfeit UL Marks and/or products bearing UL Marks which it and/or they knew or should have known have been 'de-listed.

No. 07-5924, 2008 U.S. Dist. LEXIS 25370, at *15 (D. N.J. Mar. 28, 2008). Unsurprisingly, the court held that there was "nothing in that paragraph from which [it] could infer that Defendants acquired or sold the allegedly misrepresented Wiring Devices from or to entities or individuals 'in several different states[.]'" *Id* at *17. Here, Apollo *pled in its complaint* that CMC's activity involved "prospective customers, in the state of Delaware and elsewhere" and so the *Trans USA* case is simply inapposite.

### e.    Apollo Pleads Facts Sufficient to Show Likelihood of Injury

CMC complains that Apollo has "given no specifics as to how it would be injured by the alleged misrepresentations." Apollo need not do so. Rule 8 "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the … claim is and the ground upon which it rests, and [reaffirmed] that this standard does not require detailed factual allegations." *Twombly*, 550 U.S. at 545; *see also Erickson v. Pardus*, 551 U.S. 89 at 93 (2007) (Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests) (internal quotations omitted). In any event, the reasonable inference from Apollo's allegations concerning the content and falsity of CMC's statements that its offering is the only multi-modal solution, is that customers that believe this false statement to be true will be more likely to select CMC's offering than if they had not been deceived by CMC's false statements.

Accordingly, CMC's assertion that Apollo's pleading is somehow deficient on this ground is simply specious.

### D.   Apollo Pleads Facts Sufficient to Show that the Accused Statements were Made in "Commercial Advertising or Promotion"

CMC complains that Apollo has not alleged that the statements at issue were made in the context of "commercial advertising or promotion."  Commercial advertising or promotion consists of 1) commercial speech; 2) by a defendant in commercial competition with the plaintiff; 3) designed to influence customers to buy the defendant's products; 4) that is sufficiently disseminated to the relevant purchasing public to constitute advertising or promotion within the industry.  *In re Warfarin Sodium Antitrust Litig.*, No. 98-1232, 1998 U.S. Dist. LEXIS 19555, at *40 (D. Del. Dec. 7, 1998).  Commercial speech is "speech proposing a commercial transaction."  *United States v. Edge Broad. Co.*, 509 U.S. 418, 426, 125 L. Ed. 2d 345, 113 S. Ct. 2696 (1993).

Apollo's pleading satisfies all four of these elements.  The first element of the test may be inferred from Apollo's factual allegations.  Apollo has alleged that "that its FlexCollect solution is the only offering in the debt collection space that enables multimodal communications with debtors, . . . ."  (Apollo's CC, ¶ 9).  It is clear that the accused statements constitute commercial speech, i.e., speech attempting to generate commercial transactions concerning CMC's FlexCollect solution.  Thus, this statement qualifies as commercial speech.  *United States v. Edge Broad. Co.*, 509 U.S. 418, 426 (1993).

The second element is satisfied, as CMC is in direct competition with Apollo, since both compete for the same customers. Apollo alleges the facts that support this conclusion – "Apollo also offers a solution in the same space that provides multimodal communication functionality" – and CMC itself alleges in its Complaint that it is a competitor to Apollo:  "CMC also offers, via

the same managed service method, similar software-based solutions [as those offered by Apollo] to banks…").  (Apollo's CC, ¶ 9).  The Court can, of course, take judicial notice of the content of CMC's Complaint in ruling on the sufficiency of the allegations of Apollo's counterclaims. *Cunningham v. Becker*, 96 F.Supp.2d 369, 371 (D. Del. 2000) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993)) ( "In deciding a motion to dismiss under Rule 12(b)(6), a court primarily must consider the allegations contained in the complaint, although matters of public record, orders, items appearing in the record of the case as well as exhibits attached to the complaint may also be taken into account.").

The third element, that the speech be designed to influence customers to buy the defendant's products, can be reasonably inferred from the allegation that the statements were made to "prospective customers" and describe the defendant's product as the "only offering in the debt collection space that enables multimodal communications with debtors."  (Dkt. No. 8, Apollo's CC, ¶ 9).

The fourth element, that the speech be sufficiently disseminated to the relevant purchasing public to constitute advertising or promotion within the industry, may be inferred from the allegation that the statements were made to "prospective customers, in the state of Delaware and elsewhere."  (Dkt. No. 8, Apollo's CC, ¶ 9).

Accordingly, Apollo's pleading satisfies the requirement that it allege facts sufficient to show that the accused statements were made in commercial advertising or promotion.

**E.      Apollo Pleads Facts Sufficient to Support a Delaware False Advertising Claim**

CMC provides no support for its argument that Apollo has inadequately pled its claim for false advertising under the DTPA, other than the arguments it previously raised with respect to Apollo's Lanham Act claim.  Since these arguments all fail for the reasons set forth above,

CMC's arguments regarding the DTPA fail as well.

CMC cites three cases for the proposition that because Apollo has purportedly failed to allege a claim for false advertising under the Lanham Act, it has failed to allege a claim under the DTPA. (D.I. 10, p. 18). However, these cases actually support Apollo, not CMC. The first case, *Deston Therapeutics, LLC v. Trigen Labs., Inc.*, holds that where "[d]efendants raise no new arguments in requesting dismissal of the Deceptive Trade Practices Act ('DTPA')," and "[p]laintiffs have adequately alleged violations of Section 43(a) of the Lanham Act" the court will deny a motion to dismiss a DTPA claim. *Destin Therapeutics,* 723 F. Supp. 2d 665, 676 (D. Del. 2010). This does nothing to support CMC's allegation that a defectively pled Lanham Act claim will necessarily dictate that a claim under the DTPA will also fail; indeed, it supports the proposition that the Court should deny CMC's motion to dismiss Apollo's DTPA claim. The second case cited by CMC, *Schering-Plough Healthcare Prods., Inc. v. Neutrogena Corp.*, holds that "proof of a Lanham Act claim would necessarily meet the requirements for a claim under the DTPA." 2010 U.S. Dist. LEXIS 24511, at *10-11 (D. Del. Mar. 15, 2010). Again, since Apollo sufficiently pleads the elements of a Lanham Act claim, *Shering-Plough* supports Apollo, not CMC. Finally, CMC's third case, *Toro Co. v. Textron, Inc.*, holds only that where a plaintiff is entitled to "no greater relief" for a "violation of the Deceptive Trade Practices Act than for violation of the Lanham Act," the inability to demonstrate damages under the Lanham Act will make the claim under the DTPA moot. *Toro Co. v. Textron, Inc.*, 499 F. Supp. 241, 253-254, 249 n.17 (D. Del. 1980).

## III.   CONCLUSION

The Court should deny Counter-Defendants' Motion, for the reasons set forth above. However, in the event that the Court grants any portion of Counter-Defendants' Motion, Apollo

requests leave to amend.

PROCTOR HEYMAN, LLP


/s/ Neal C. Belgam
Neal C. Belgam (No. 2721)
nbelgam@proctorheyman.com
Melissa N. Donimirski (# 4701)
mdonimirski@proctorheyman.com
1116 N. West Street
Wilmington, DE 19801
(302) 472-7300

Attorneys for Defendant and Counterclaimant
Apollo Enterprise Solutions, Inc.


OF COUNSEL:

GRAVES & WALTON LLP

Philip J. Graves
pgraves@graveswalton.com
John R. Walton
jwalton@graveswalton.com
Greer N. Shaw
gshaw@graveswalton.com
Marjorie A. Witter
mwitter@graveswalton.com
Brian Lam
blam@graveswalton.com
12121 Wilshire Blvd, Suite 775
Los Angeles, California 90025
(310) 295-6500


March 28, 2011