IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COLLECTIONS MARKETING CENTER, INC., and BRIDGEFORCE, INC., | : : : |
| Plaintiffs, | : : |
| vs. | : C.A. No. 10-1057-BMS : : JURY TRIAL DEMANDED |
| APOLLO ENTERPRISE SOLUTIONS, INC., | : : |
| Defendant. | : |

## SECOND AMENDED ANSWER AND COUNTERCLAIMS OF APOLLO ENTERPRISE SOLUTIONS, INC.

Defendant Apollo Enterprise Solutions, Inc. ("Apollo"), by and through its undersigned attorneys, for its answer and affirmative defenses to the Complaint for Declaratory Judgment (the "Complaint"), states as follows:

### THE PARTIES

1. Apollo admits that Plaintiff Collections Marketing Center, Inc. ("CMC") is a Delaware Corporation with a principal place of business at 300 Water Street, Wilmington, Delaware 19801.

2. Apollo admits that Plaintiff Bridgeforce, Inc. ("Bridgeforce") is a Delaware Corporation with a principal place of business at 155 Stanton Christiana Road, Newark, Delaware 19702.

3. Apollo admits that it is a Delaware Corporation with a principal place of business at 111 W. Ocean Blvd., Suite 1750, Long Beach, CA 90802, formerly 2101 Business Center Drive, Suite 215, Irvine, California 92612 and Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 is its registered agent for service of process in the State of Delaware.

## JURISDICTION AND VENUE

4. Apollo admits that Plaintiffs purport to bring this action under 28 U.S.C. § 2201.

5. Apollo admits that Plaintiffs' Complaint purports to allege claims relating to patents.

6. Apollo admits that venue is proper in this District and that Apollo is incorporated under the laws of the State of Delaware.

## FACTUAL BACKGROUND

7. Apollo admits that CMC offers collection services. Apollo is without knowledge or information sufficient to form a belief as to the truth of any additional allegations of paragraph 7, and on that basis denies such allegations.

8. Apollo admits that CMC offers credit and collections software marketed directly to various financial institutions and credit card companies as well as through third-party reseller partners. Apollo is without knowledge or information sufficient to form a belief as to the truth of any additional allegations of paragraph 8, and on that basis denies such allegations.

9. Apollo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and on that basis denies such allegations.

10. Apollo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and on that basis denies such allegations.

11. U.S. Patent Application No. 11/372,588, which was entitled "Enhanced Transaction Resolution Techniques" was filed on March 9, 2006. Apollo

admits that said application was published on July 5, 2007 (Publ. No. US 2007-0156580 A1). Apollo admits that from said application, the patent assigned No. 7,848,978 (the "'978 patent") was issued on December 7, 2010.

12. Apollo admits that the '978 patent discloses an invention related to systems and methods for resolving transactions using at least in part a computer network, such as the Internet. Except as expressly admitted, Apollo denies the allegations of paragraph 12.

## APOLLO'S KNOWLEDGE OF CMC'S SOFTWARE

13. Apollo admits that CMC offers its browser-accessible credit and collections software solutions directly to customers. Apollo is without knowledge or information sufficient to form a belief as to the truth of any additional allegations of paragraph 13, and on that basis denies such allegations.

14. Apollo admits that CMC offers software-based solutions to banks through third party reseller partners, and that one such vendor is Total System Services, Inc. ("TSYS"). Apollo is without knowledge or information sufficient to form a belief as to the truth of any additional allegations of paragraph 14, and on that basis denies such allegations.

15. Apollo admits that Apollo representatives have viewed CMC presentations regarding its software at one or more trade shows, industry conventions and/or pursuant to a nondisclosure agreement at Plaintiffs' offices on September 7, 2007. Except as expressly admitted, Apollo denies the allegations of paragraph 15.

16. Apollo is informed and believes that CMC has not disclosed all relevant details regarding the functionality of its software at tradeshows or otherwise to Apollo, and on that basis denies the allegations of paragraph 16.

3

## APOLLO'S THREATS OF PATENT LITIGATION

17. Apollo admits that on or about September 9, 2010, Derek Banducci, litigation counsel for Apollo, sent a letter entitled CEASE AND DESIST DEMAND to TSYS (the "TSYS Banducci Letter"), advising TSYS of a prior Orange County, California action and Delaware Chancery Court action between Apollo and Plaintiffs. Apollo denies the remaining allegations of paragraph 17.

18. Apollo admits that the TSYS Banducci Letter advised TSYS of six then-pending Apollo U.S. Patent Applications, listing the Application Number and title of the invention, including the '978 patent (formerly U.S. Patent Application No. 11/372,588 for the invention, a "Enhanced Transaction Resolution Techniques"). Apollo denies the remaining allegations of paragraph 18.

19. Apollo admits that the TSYS Banducci Letter contains the text quoted in paragraph 19. Except as expressly admitted, Apollo denies the allegations of paragraph 19.

20. Apollo denies the allegations of paragraph 20.

21. Apollo denies the allegations of paragraph 21.

22. Apollo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, and on that basis denies such allegations.

23. Apollo admits that Derek Banducci sent a letter entitled Cease and Desist Notice to Barclays located in Delaware. Apollo denies that the letter made allegations of patent infringement.

24. Apollo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24, and on that basis denies such

allegations.

25. Apollo denies the allegations of paragraph 25.

26. Apollo denies the allegations of paragraph 26.

27. Apollo denies the allegations of paragraph 27.

28. Apollo denies the allegations of paragraph 28.

29. Apollo denies the allegations of paragraph 29.

## **FEDERAL DECLARATORY JUDGMENT ACT**

30. Apollo admits that Plaintiffs correctly state a general principle of law in paragraph 30.

31. Apollo denies the allegations of paragraph 31.

32. Apollo admits the allegations of paragraph 32.

33. Apollo denies that it made threats of patent infringement against CMC reseller-partners and customers, or CMC and Bridgeforce indirectly. Apollo admits that Plaintiffs and Apollo have adverse legal interests to the extent that Plaintiffs seek to have the '978 patent declared invalid, or seek a judgment of non-infringement of the same.

34. Apollo admits the allegations of paragraph 34.

35. Apollo admits the allegations of paragraph 35.

36. Apollo admits the allegations of paragraph 36.

37. Apollo admits that the Plaintiffs are seeking a Declaratory Judgment from this Court that Plaintiffs have not infringed the '978 patent, and that the '978 patent is invalid, and that Plaintiffs be awarded their fees and costs. Apollo denies that Plaintiffs have not infringed the '978 patent. Apollo denies that the '978 patent is invalid. Apollo denies that Plaintiffs are entitled to their fees and costs.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '978 PATENT

38. Paragraphs 1 through 37 are incorporated herein by reference.

39. Apollo admits the allegations of paragraph 39.

40. With respect to CMC, Apollo denies the allegations of paragraph 40. With respect to Bridgeforce, Apollo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40, and on that basis denies such allegations.

41. Apollo admits the allegations of paragraph 41.

42. Apollo denies that it has a policy of aggressively pursuing allegations of infringement of the '978 patent against CMC and Bridgeforce via customers, and that its attorneys and sales people have made threatening statements directed to CMC reseller-partners, customers, CMC and Bridgeforce via cease and desist letters. Apollo admits that a sufficiently immediate controversy exists between CMC and Bridgeforce to warrant issuance of a judgment regarding CMC's and Bridgeforce's infringement of the '978 patent.

43. Apollo denies the allegations of paragraph 43.

## COUNT II
## DECLARATION OF INVALIDITY OF THE '978 PATENT

44. Paragraphs 1 through 43 are incorporated herein by reference.

45. Apollo admits the allegations of paragraph 45.

46. Apollo denies the allegations of paragraph 46.

47. Apollo admits the allegations of paragraph 47.

48. Apollo denies the allegations of paragraph 48.

## DEMAND FOR JURY TRIAL

49. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Apollo hereby respectfully requests trial by jury of all issues triable of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Defendant requests that this Court enter judgment in its favor and against Plaintiffs stating:

    A. That CMC has infringed and continues to infringe the '978 patent;

    B. That the '978 patent is not invalid;

    C. That Plaintiffs CMC and Bridgeforce take nothing by virtue of their Complaint;

    D. That this case is an exceptional case;

    E. That Defendant be awarded its attorneys' fees and costs of suit in this action; and

    F. Any other, further or different relief as this Court may deem just and proper.

## COUNTERCLAIMS FOR PATENT INFRINGEMENT

For its counterclaims against Collections Marketing Center, Inc. ("CMC") ("Counterdefendant"), Apollo Enterprise Solutions, Inc. ("Apollo" or "Counterclaimant"), on personal knowledge as to its own acts, and on information and belief as to all others based on its investigation, alleges as follows:

## PARTIES

1. Counterclaimant Apollo is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 111 W. Ocean Blvd., Suite 1750. Long Beach, CA 90802.

2. Upon information and belief, Counterdefendant CMC is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 300 Water Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

3. This is an action for patent infringement under the United States patent laws, 35 U.S.C. § 271, et seq. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

4. Counterdefendant has submitted to the personal jurisdiction and venue of this Court by filing its Complaint herein.

## GENERAL ALLEGATIONS

5. Apollo owns by assignment the entire right, title, and interest in and to United States Patent No. 7,848,978 ("the '978 patent") entitled "Enhanced Transaction Resolution Techniques," which duly and legally issued on December 7, 2010. The '978 patent is presumed to be, and is, valid and enforceable. CMC is not licensed under the '978 patent. A copy of the '978 patent is attached hereto as Exhibit A.

6. Upon information and belief, CMC has infringed and is continuing to infringe, in this District and elsewhere in the United States, one or more claims of the '978 patent, including but not limited to claim 1, in connection with its FlexCollect offering.

## COUNT I
## INFRINGEMENT OF THE '978 PATENT BY CMC

7. Counterclaimant Apollo realleges and incorporates by reference the allegations set forth in paragraphs 1-6 above.

8. Upon information and belief, CMC has infringed and is continuing to infringe, in this District and elsewhere in the United States, one or more claims of the '978 patent, including but not limited to claim 1, in connection with its FlexCollect offering.

9. Upon information and belief, at least as early as upon the filing of the Complaint, CMC, in practicing one or more of the claimed methods of the '978 patent, has acted and is acting despite an objectively high likelihood that its actions constitute infringement of the '978 patent. Thus, at least CMC's ongoing infringement of the '978 patent after the filing of its Complaint is willful.

10. Upon information and belief, CMC's infringement of the '978 patent will continue unless enjoined by this Court.

11. As a direct and proximate consequence of CMC's infringement of the '978 patent, Apollo has suffered and will continue to suffer irreparable injury and damages, in an amount to be determined at trial, for which Apollo is entitled to relief.

12. Upon information and belief, at least as early as upon the filing of the Complaint, CMC's infringement of the '978 patent was and is exceptional and entitles Apollo to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaimant Apollo requests that this Court enter judgment in its favor and against CMC and grant the following relief:

    A.    A judgment that CMC has infringed and continues to infringe the '978 patent;

    B.    A judgment that the '978 patent is valid and enforceable;

    C.    A preliminary and permanent injunction restraining and enjoining CMC, and its respective officers, agents, servants, employees, attorneys, and any persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from any further manufacture, use, sales, offers to sell, or importations of any and all of the products identified above;

    D.    An award of damages in an amount sufficient to compensate Apollo for CMC's infringement of the '978 patent, in no event less than a reasonable royalty for the use made of the claimed inventions by CMC;

    E.    An award of treble damages resulting from CMC's infringement;

    F.    Pre-judgment and post-judgment interest and costs;

    G.    An order finding this case exceptional and awarding to Apollo its reasonable attorneys' fees as allowable under both federal and state law;

    H.    Such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Apollo hereby respectfully requests trial by jury of all issues triable of right by a jury.

PROCTOR HEYMAN, LLP

/s/ Neal C. Belgam
Neal C. Belgam (No. 2721)
E-mail: nbelgam@proctorheyman.com
Melissa N. Donimirski (# 4701)
E-mail: mdonimirski@proctorheyman.com
1116 N. West Street
Wilmington, DE 19801
(302) 472-7300

Attorneys for Defendant and Counterclaimant
Apollo Enterprise Solutions, Inc.

OF COUNSEL:

GRAVES & WALTON LLP
Philip J. Graves
E-mail: pgraves@graveswalton.com
John R. Walton
E-mail: jwalton@graveswalton.com
Greer N. Shaw
E-mail: gshaw@graveswalton.com
Marjorie A. Witter
E-mail: mwitter@graveswalton.com
Brian Lam
E-mail: blam@graveswalton.com
12121 Wilshire Blvd, Suite 775
Los Angeles, California 90025
(310) 295-6500

April 26, 2011